IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBEN GALVAN, #42211-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-04252-K |
| | § | (3:09-CR-0289-K-14) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Ruben Galvan, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court did not require the Government to respond. *See* Rule 4 of the Rules Governing § 2255 proceedings. For the reasons that follow, the section 2255 motion is dismissed without prejudice.

I.

In November 2011, following his guilty plea to conspiracy to possess with intent to distribute and distribution of a controlled substance, Petitioner was sentenced to a 140-month term of imprisonment. *United States v. Galvan*, 3:09-CR-0289-K(14) (N.D. Tex., Dallas Div., Nov. 3, 2011). Petitioner timely appealed. On October 13, 2012, Petitioner signed a *Verified Memorandum of Law and Fact in Support of Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255*, which he mailed to the Dallas County District Court. This Court received and filed the pleading as a section 2255 motion on October 19, 2012. Subsequently, on October 23, 2012, the United States Court of

Appeals for the Fifth Circuit summarily dismissed Petitioner's direct appeal. *See Galvan v. United States*, No. 11-11125 (5th Cir. Oct. 23, 2012). Petitioner has 90 days from the above date to seek certiorari review in the United States Supreme Court. *See* SUP. CT. R. 13(1); *United States v. Petty,* 530 F.3d 361, 365 (5th Cir. 2008) (under Supreme Court Rule 13(3), the 90-day period for seeking a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed).

## II.

A district court does not entertain a section 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968), *abrogated on other grounds*, *United States v. Ortega*, 859 F.2d 327 (5th Cir. 1988); *see also Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). The same reasoning applies during the 90-day period for filing a petition for writ of certiorari. *See Dellere v. United States*, No. 3:11-CV-0405-N, 2011 LEXIS 44702 (N.D. Tex., Dallas Div., Mar. 4, 2011), *recommendation accepted*, 2011 LEXIS 44701 (N.D. Tex., Dallas Div., Apr. 25, 2011) (declining to entertain section 2255 motion filed during 90-day period for seeking certiorari review because disposition by the Supreme Court could render the section 2255 motion moot). "Only when the time for seeking certiorari review has expired is it appropriate for a defendant to commence a collateral attack on the conviction and sentence." *Kapral v. United States*, 166 F3d 565, 571 (3rd Cir. 1999). Accordingly, the Court declines to entertain the section 2255 motion and summarily dismisses the same.

III.

IT IS THEREFORE ORDERED that Petitioner's section 2255 motion is **DISMISSED** without prejudice to Petitioner reasserting it after the time for seeking certiorari review has expired. The Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing motions to vacate, set aside, or correct sentence, *see* 28 U.S.C. § 2255(f)(1)-(4), and that this provision is applicable to any section 2255 motion that he may file in this court.

SO ORDERED

Signed this 25th day of October, 2012.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE